**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG**

**FRED BURLINGAME**,

        Petitioner,

**Civil No.: 1:16CV181
(JUDGE KEELEY)**

**WILSON, Warden,**

        Respondent.

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On September 9, 2016, *pro se* Petitioner, Fred Burlingame, a federal inmate filed this habeas petitioner pursuant to 28 U.S.C. § 2241. ECF No. 1. On October 17, 2016, he paid the $5 filing fee. ECF No. 11. On August 11, 2017, the Court undertook a preliminary review of the petition and determined that summary dismissal was not warranted. ECF No. 14.  Accordingly, an Order to Show Cause was issued against Respondent. Id. On September 13, 2017, Respondent filed a Motion to Dismiss or, in the alternative, Motion for Summary Judgment and Response. ECF No. 19. In addition, Respondent filed a Memorandum in Support with an Exhibit. ECF No. 20. On September 14, 2017, a Roseboro Notice [ECF No. 21] was issued. Despite being given an enlargement of time [ECF No. 24], Petitioner has not filed a Response.

1

## II.  FACTS

On December 11, 2014, Petitioner was arrested by law enforcement officials of the Bay County, Michigan Sheriff's Department for Driving on a Suspended License. Id. On June 28, 2015, Petitioner was sentenced by the Bay County District Court to a term of imprisonment of 46 days for Driving on a Suspended License. ECF No. 20-1 at 10. He was credited with 46 days by Bay County giving him a release date of June 25, 2015. Id.

On June 28, 2015, the United States District Court for the Eastern District of Michigan issued an arrest warrant in Case No. 1:15-cr-20042. Id. at 16. On January 28, 2015, a one-count indictment was issued in the Eastern District of Michigan charging Petitioner with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). United States v. Burlingame, No. 15-cr-20041, 2017 WL 299-1766 (E.D. Mich. July 14, 2017). On January 30, 2015, Petitioner was taken into federal custody by the United States' Marshall's Service on a federal arrest warrant. ECF No. 20-1 at 18. A first superseding indictment was issued on February 11, 2015, followed by a second superseding indictment on April 8, 2015, which charged Petitioner with one count of manufacturing or attempting to manufacture methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 842(b)(1)(C), and 846, and one additional count of possessing an unregistered firearm in violation of 26 U.S.C. § 5861(d). On June 9, 2015, Petitioner pleaded guilty to the methamphetamine charge, and he was later sentenced to 188 months of imprisonment. ECF No.  20-1 at 21. Petitioner did not appeal his conviction or sentence.

The Bureau of Prisons prepared a sentence computation for Petitioner based on a 188 month term of imprisonment. His sentence commenced on September 17, 2015, the same day he was sentenced in federal court. He received prior custody credit from January 26, 2015, through September 16, 2015. He currently has a projected release date of September 18, 2028, via Good Conduct Release. Id. at 28.

### III. THE PLEADINGS

#### A. The Petition

Petitioner advances two claims in support of his habeas petition. First, relying on the decision in Johnson v. United States, 135 S. Ct. 2251 (2015), Petitioner asserts that his federal sentence was unlawfully enhanced based on Michigan state convictions which are not violent crimes. More specifically, he alleges that convictions arising out of a 2005 Michigan indictment including, (1) Police Officer Assault, Resisting, or Obstructing; (2) Police Officer-Fleeing 4th Degree; and (3) Assault-Weapon are unconstitutionally vague and denied him fair notice and due process. Furthermore he alleges that those charges do not meet the violence and force clauses and are not crimes of violence as defined by the United States Sentencing Guidelines ("USSG") § 4B1.2.

Second, Petitioner alleges that the BOP failed to credit him with 46 days prior jail credits and failed to apply the *nunc pro tunc* designation. In support of this allegation, Petitioner maintains that the charges in his federal case began on December 11, 2014 and ran through January 28, 2015, and therefore he should receive credit for the time he was incarcerated in Bay County.

3

B.	**Respondent's Motion and Memorandum**

Respondent argues that Petitioner's <u>Johnson</u> a claim should be dismissed. First, because the proper vehicle for asserting such a claim is a § 2255 petition not a § 2241. Second, Respondent argues that Petitioner's <u>Johnson</u> a claim is untimely because he only had until June 26, 2016, to advance that claim. Finally, Respondent notes that Petitioner was not sentenced pursuant to the residual clause, the Armed Career Criminal Act generally, nor the career offender provision of the Sentencing Guidelines.

With respect to Petitioner's claim that he's been denied 46 days of jail credits, Respondent argues that his federal sentence was properly calculated to commence on September 17, 2015, when he was released from his State sentence into the custody of the BOP. Respondent continues that Petitioner is not entitled to the jail credit he seeks because that time was already credited to another sentence.

## IV.	STANDARD OF REVIEW

A.	**Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." <u>Republican Party of N.C. v. Martin</u>, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. <u>Mylan Labs, Inc. v. Matkari</u>, 7 F.3d 1130, 1134 (4th Cir. 1993); <u>see also</u> <u>Martin</u>, 980 F.2d at 952.

The Federal Rules of Civil Procedure require "only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir. 2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a

defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

**B.      Motion for Summary Judgment**

The Supreme Court has recognized the appropriateness of summary judgment motions pursuant to Rule 56 of the Federal Rules of Civil Procedure in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 (1977); see also Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991).

Motions for summary judgment impose a difficult standard on the moving party because it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. FDIC, 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson, 477 U.S. at 248-49.

## V. ANALYSIS

### A. Sentence Calculation

The Bureau of Prisons, on behalf of the Attorney General, is responsible for calculating federal terms of imprisonment. See United States v. Wilson, 503 U.S. 329 (1992). The BOP must follow 18 U.S.C. § 3585(b) when calculating sentences:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; <u>that has not been credited against another sentence.</u>

(emphasis added).

In Wilson, the Supreme Court held that under 18 U.S.C. § 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." 503 U.S. 329 at 337. Thus, prior custody credit cannot be awarded to a prisoner if the prisoner has already received credit towards another sentence. See United States v. Brown, 977 F.2d 574, 1992 WL 237275, at *1 (4th Cir. Sept. 25, 1992) (Defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence); United States v. Goulden, 54 F.3d 774, 1995 WL 298086 (4th Cir. May 17, 1995) (credit is only available for time spent in custody which has not been credited against another sentence).

Although not a model of clarity, Petitioner appears to be seeking credit against his federal sentence for the 46 days he spent in state custody beginning December 11, 2014 and ending January 25, 2015. However, as previously noted, on January 28,

2015, Petitioner was sentenced by the Bay County District Court, Bay City, Michigan to a term of imprisonment of 46 days for Driving on a Suspended license. He was credited with 46 days by Bay County giving him a release date of January 25, 2015. Because that time was credited against another sentence, Petitioner is not entitled to have those 46 days credited against his federal sentence.

The undersigned acknowledges that under certain circumstances, a federal sentence may commence prior to the date federal authorities gained physical custody of the defendant. See 18 U.S.C. § 3621(b) (the BOP has the authority to designate the place of a prisoner's confinement); Barden v. Keohabe, 921 F.2d 476, 480-83 (3d Cir. 1990) (a federal sentence may commence for a defendant who is already in state custody if the BOP or Attorney General agrees to designate a state facility for service of the federal sentence). In the instant matter, Petitioner is not eligible for a *nunc pro tunc* designation because his state sentence was imposed and expired prior to the imposition of his federal sentence. More specifically, when Petitioner was sentenced by the state on June 28, 2015 to a term of 46 days, the State awarded him with 46 days credit through January 25, 2015, and his state sentence was satisfied. Therefore, when the United States District Court for the Eastern District of Michigan sentenced Petitioner on September 17, 2015, there was no state sentence operating for his federal sentence to run against.

The current sentence that Petitioner is serving is for 188 months and was imposed by the Eastern District of Michigan on September 17, 2015. He received prior custody credit from January 26, 2015, the day after his State court release, through September 16, 2015, the day before his federal sentence commenced.  ECF No. 20-1

at 28. Therefore, he has received credit for all the prior custody credit to which he is entitled, and his petition as it relates to his sentence calculation fails to state a claim for relief.

**B.     Johnson Claim**

In <u>Johnson</u>, the Supreme Court considered a provision of the ACCA that creates a sentencing enhancement for possessing a firearm in the commission of a federal felony when the defendant already has three prior convictions for violent felonies and/or serious drug offenses. 18 U.S.C. §§ 924(e)(1), 924(e)(1), 922(g). The ACCA defines a "violent felony" as a crime punishable "by imprisonment for a term exceeding one year," that

> (i)     has an element the use, attempted use, or threatened use of physical force against the  person of another, or
>
> (ii)    is burglary, arson, or extortion, involves use of explosives<u>, or otherwise involves conduct that presents a serious potential risk of physical injury to another.</u>

18 U.S.C. § 924(e)(2)(B) (emphasis added).

The closing words of this definition, emphasized above, have come to be known as the Act's residual clause. In <u>Johnson</u>, the Supreme Court held that imposing an increased sentence under the residual clause violated due process. 135 S. Ct. at 2555-2563.

On January 8, 2016, the Supreme Court granted a writ of certiorari to resolve a split in the circuits as to whether Johnson applied retroactively to the sentences of defendants whose convictions had become final. <u>Welch v. United States</u>, 136 S. Ct.

790, 2016 WL 90594 (2016). On April 18, 2016, the Supreme Court determined that Johnson changed the substantive reach of the Act, and therefore was a substantive, rather than a procedural decision, because it affected the reach of the underlying statute rather than the judicial procedures by which the statute was applied. Therefore, the Court held that Johnson announced a new substantive rule that applies retroactively to cases on collateral review. Welch, 136 S. Ct. 1257 (2016).

Finally, in Beckles v. United States, 137 S. Ct. 886 (2017), the Supreme Court held that the Guidelines "are not subject to a vagueness challenge under the Due Process Clause." Id. at 895. Therefore, petitioner's challenging sentence enhancements imposed under the guidelines cannot assert Johnson for relief.

In the instant case, Petitioner's reliance on Johnson is misplaced.  On June 24, 2016, three months before he filed the instant action, Petitioner filed a Motion to Vacate Sentence under 28 U.S.C. § 2255 in the Eastern District of Michigan. Among the claims he raised was the "court committed reversible Johnson sentencing error by unconstitutionally enhancing Burlingame's offense level, under State of Michigan statute that is unconstitutionally vague concerning assault , assault and battery, felonious assault with dangerous weapon, denies fair notice, due process and is ambiguous," and that his lawyer was ineffective in assisting him on this issue. 1:15-cr-20042-TLL-PTM (E.D. MI), ECF No. 100 at 5. In denying Petitioner's § 2255 motion on July 14, 2017, the Court found, among other things, that he was not sentenced under the Armed Career Criminal Act, nor was his sentence enhanced pursuant to career offender provision of the USSG.[1] Accordingly, the Court found that Johnson was not applicable to his

---

[1] The Court went on to note that even if Petitioner had been sentenced as a career offender under the sentencing guidelines his Johnson claim would be without merit in light of Beckles.

sentence. Therefore, even if Petitioner could attack his sentence in a § 2241 proceeding, the same result would apply.

Furthermore to the extent that Petitioner is otherwise challenging his sentence, he cannot do so in a § 2241. Prisoners seeking to challenge the validity of their convictions or sentences are required to proceed under § 2255 in the district court of conviction. A petition for writ of habeas corpus, pursuant to § 2241, on the other hand, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Examples of an appropriate use of § 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." Anderson v. Pettiford, 2007 WL 15777676 (D.S.C. May 31, 2007) (internal citations omitted).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255. The savings clause allows a prisoner to challenge the validity of his conviction under § 2241 if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar,[2] the prohibition against successive petitions,

---

[2] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255.
    The limitation period shall run from the last of:
    a. The date on which the judgment of conviction becomes final;
    b. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United

or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate of ineffective.  In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997).  A petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective, and the standard is an extremely stringent one.  In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

Here, even if Petitioner satisfied the first and the third elements of Jones, the crimes for which Petitioner was convicted in the Eastern District of Michigan, all remain a criminal offense, and therefore Petitioner cannot satisfy the second element of Jones. Moreover, the Fourth Circuit has held that the savings only preserves claims in which the petitioner alleges actual innocence of a conviction,  Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010), and does not extend to petitioners who challenge only their

---

States is removed, if the movant was prevented from making a motion by such governmental action;
  c. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  d. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

sentences, see United States v. Poole, 531 F.3d 263, 267 (4th Cir. 2008) (citing In re Jones, 226 F.3d at 334-34); see also Rouse v. Wilson, 584 Fed. Appx. 76 (4th Cir. 2014) (unpublished) ("The district court properly determined that Rouse could not proceed with his [challenge to his sentencing enhancement] under § 2241."); Farrow v. Revell, 541 Fed. App'x. 327, 328 (4th Cir. 2013) (unpublished) (finding that a challenge to an ACCA sentence was not cognizable in a § 2241 petition); Darden v. Stephens, 426 F. Appx. 173 (4th Cir. 2011) (unpublished) (declining to extend the reach of the savings clause beyond instances of actual innocence of the underlying offense of conviction). Therefore, while Petitioner's challenge to the BOP's calculation of his sentence, and in particular, prior custody credit is properly addressed in a § 2241, a challenge to the imposition of a sentence is not.

## VI. **RECOMMENDATION**

For the foregoing reasons, the undersigned **RECOMMENDS** that Respondent's Motion to Dismiss or for Summary Judgment **ECF No. 19** be **GRANTED** and that Petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 **ECF No. 1** be **DENIED** and **DISMISSED WITH PREJUDICE**.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and

Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to counsel of record and to mail a copy to the *pro se* Petitioner by certified mail, return receipt requested. Furthermore, upon entry of this Report and Recommendation, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

Respectfully submitted this 27th day of February, 2018.

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE